UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY MCFARLIN,

Plaintiff,

v.

JOCELYN BENSON, et al.,

Defendants.
______________________________/

Case No. 1:26-cv-561

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff Mark Anthony McFarlin alleges that he is a candidate for governor of the State of Michigan. In February 2026, proceeding *pro se*, he initiated this civil action with the filing of a Complaint against Defendants Michigan Secretary of State Jocelyn Benson and Director of the Michigan Bureau of Elections Jonathon Brater, seeking to challenge Michigan's requirements for qualifying petitions for governor (ECF No. 1). Specifically, Plaintiff asks the Court to create a fee alternative to Michigan's signature requirement (*id.* at PageID.4). The case was referred to the Magistrate Judge. Defendants filed a Motion to Dismiss on March 12, 2026, and Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction on July 2, 2026. On July 15, 2026, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion and deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's July 22, 2026 objections to the Report and Recommendation. Defendants filed a response to the objections on August 5, 2026. For the following reasons, the Court denies the objections and issues this Opinion and Order.

**I**

Defendants move to dismiss on two alternative bases: (1) that the Court lacks jurisdiction because Plaintiff's claims are speculative and unripe, and (2) that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Magistrate Judge thoroughly considered the pending motions and determined that while dismissal on ripeness was foreclosed, dismissal is appropriate under Rule 12(b)(6) because Plaintiff fails to state any plausible claim for relief (R&R, ECF No. 15 at PageID.60–67). The Magistrate Judge indicated that while courts have found that a particular number of signatures might be too burdensome, or that requiring the submission of such signatures very early in the election cycle might be too burdensome, "no court has found that the simple fact of having a signature requirement, or the absence of a fee-based path to ballot access, is too burdensome" (*id.* at PageID.65). The Magistrate Judge pointed out that his recommendation of dismissal, if adopted, would effectively moot Plaintiff's motion for injunctive relief (*id.* at PageID.67), although the Magistrate Judge also indicated that the requests were properly denied on their merits (*id.* at PageID.67–69).

**II**

This Court's Local Rules require a party objecting to a magistrate judge's report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), in turn, require this Court to perform de novo consideration of those portions of the Report and Recommendation to which objections are made.

In his objections, Plaintiff presents six arguments, challenging the recommended disposition of Defendants' motion to dismiss. His arguments are not well developed. Plaintiff

frequently fails to "specifically identify" the portions of the Magistrate Judge's analysis to which he objects. Indeed, five of the six objections are each only two or three sentences. The objections, to the extent they constitute proper objections, fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

***First***, Plaintiff argues that the Magistrate Judge "blatantly assumes" that Plaintiff had already gathered 3,000 signatures, an assumption that Plaintiff opines denied him the opportunity to "prove the practical, real-world barriers imposed by the state" (Objs., ECF No. 16 at PageID.71–72). Plaintiff's first objection is properly denied. Plaintiff does not reference any specific portion of the Report and Recommendation, and, as Defendants point out (Resp., ECF No. 18 at PageID.87), there is no such statement in the Report and Recommendation. Plaintiff's objection therefore fails to demonstrate that the Magistrate Judge relied on any factual errors in resolving Defendant's motion to dismiss.

***Second***, Plaintiff argues that the Magistrate Judge "failed to follow" Sixth Circuit precedent in resolving Defendants' motion (Objs., ECF No. 16 at PageID.72). Plaintiff's minimal objection fails to engage with the Magistrate Judge's analysis or demonstrate any legal error therein. Plaintiff's second objection is properly denied.

***Third***, Plaintiff asserts in conclusory fashion that in reviewing Michigan's election laws, the Magistrate Judge improperly applied a rational-basis review, rather than strict scrutiny (Objs., ECF No. 16 at PageID.72). Plaintiff's minimal objection fails to engage with the Magistrate Judge's analysis or demonstrate any legal error therein. Plaintiff's third objection is properly denied.

***Fourth***, Plaintiff challenges the Magistrate Judge's ripeness analysis, contending that the Magistrate Judge "utilize[ed] ripeness as a mechanism to avoid reaching the merits of the

constitutional claim" (Objs., ECF No. 16 at PageID.72–73). Plaintiff's objection is misplaced. The Magistrate Judge expressly rejected ripeness as a basis for dismissal.

***Fifth***, Plaintiff asserts that the Magistrate Judge's recommendation would "insulat[e] a structural economic disparity from federal oversight" (Objs., ECF No. 16 at PageID.73). Plaintiff's bald assertion demonstrates only his disagreement with the recommended disposition and not any factual or legal error by the Magistrate Judge. Plaintiff's "objection" is properly denied.

***Last***, Plaintiff asserts in conclusory fashion that the Magistrate Judge "ignore[d]" the allegations in his Complaint (Objs., ECF No. 16 at PageID.73). Plaintiff's objection is misplaced. The constitutionality of Michigan's signature requirement is a legal conclusion, not a factual allegation, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Moreover, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 13) is GRANTED for the reasons stated in the Report and Recommendation.

Dated: August 20, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge